CHANEY, Constable, v. STATE ex rel. BUNDRICK.

No. 10992.

Court of Civil Appeals of Texas. San Antonio.

Dec. 18, 1940.

Joe Burkett, of San Antonio, for appellant.

D. Richard Voges, of Floresville, for appellee.

NORVELL, Justice.

This is a suit in the nature of quo warranto, brought by the State of Texas on the relation of D. K. Bundrick against Melvin Chaney, involving the office of Constable of Precinct No. 3, Wilson County, Texas. It appears that Chaney was appointed Constable of said Precinct by the Commissioners' Court of Wilson County on August 12, 1940.

The information charges that Chaney is disqualified to hold the office because for six months next preceding his appointment he was not a resident citizen of Wilson County, but, on the contrary, resided in Bexar County, where he claimed his residence. This was the only ground pleaded as a basis for a judgment ousting Chaney from office. After a trial before the court without a jury, a judgment of ouster was entered, from which Chaney has appealed.

Neither the plaintiff nor the relator below has filed a brief in this Court, although said parties, through their attorneys, joined with appellant in filing a motion to advance this cause upon the docket of this Court, which motion was granted under the provisions of Article 6256, Vernon's Tex.Civ. Statutes, and the cause set for December 11, 1940, as stipulated in the agreed motion.

It appears that Chaney is a married man, living with his wife, and that his wife, together with their children, resided in Wilson County from October or November, 1939, up to the time of the trial. Appellant testified that he claimed Wilson County as his residence. Article 2958, Vernon's Tex. Civ. Statutes provides that the residence of a married man not permanently separated from his wife is where his wife resides. We therefore conclude that appellant had been a resident of Wilson County for six months prior to his appointment, and that he was improperly ousted from office upon the pleaded theory that he was a nonresident.

Certain witnesses testified that Chaney stated in their presence that he had voted in Bexar County in the Democratic primary election held on July 27, 1940. This evidence, however, is insufficient to raise a fact issue concerning the residence of Chaney when considered in connection with the wife's uncontradicted testimony as to where she actually resided, coupled with Chaney's claim of residence in Wilson County. The wife's testimony was obviously of such a nature that it could easily be contradicted if untrue.

The question of the effect of Chaney's having cast an illegal vote, if he did so, is not involved here, as the only disqualification pleaded was nonresidence.

The judgment of the trial court is reversed and judgment here rendered that appellees take nothing.